UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER SCHAEFFER** <br> **&** <br> **COLLEEN SCHAEFFER** <br> Plaintiffs <br><br> vs. <br><br> **TRANS UNION, LLC** <br> **&** <br> **EXPERIAN INFORMATION SOLUTIONS, INC.** <br> **&** <br> **EQUIFAX INFORMATION SERVICES, LLC** <br> **&** <br> **UPSTART NETWORK, INC.** <br> Defendants | Case Number <br><br><br><br><br><br><br><br><br><br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiffs, Christopher Schaeffer and Colleen Schaeffer, by and through their undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendants, and respectfully aver as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiffs, Christopher Schaeffer and Colleen Schaeffer, are adult natural persons and they bring this action for actual and statutory damages and other relief against Defendants for violations of the Fair Credit Reporting Act, as well as for relief from Defamation of Character.

### II. JURISDICTION & VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §1331 and/or 28 U.S.C. §1337.

1

3.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

4.      Plaintiff, Christopher Schaeffer (hereinafter referred to as "Plaintiff Mr. Schaeffer") is an adult natural person residing at 22 Christopher Lane, Eastampton, New Jersey 08060.

5.      Plaintiff, Colleen Schaeffer (hereinafter referred to as "Plaintiff Mrs. Schaeffer") is an adult natural person residing at 22 Christopher Lane, Eastampton, New Jersey 08060.

6.      Defendant, Trans Union, LLC (hereinafter referred to as "Defendant Trans Union"), at all times hereto, is and was a limited liability company engaged in the business of nationwide consumer reporting with a principal office located at 1510 Chester Pike, Crum Lynne, Pennsylvania 19022.

7.      Defendant, Experian Information Solutions, Inc. (hereinafter referred to as "Defendant Experian"), at all times relevant hereto, is and was a corporation engaged in the business of nationwide consumer reporting with an address of 4 Gatehall Drive, 3rd Floor, Parsippany, NJ 07054.

8.      Defendant, Equifax Information Services, LLC (hereinafter referred to as "Defendant Equifax"), at all times relevant hereto, is and was a Limited Liability Company engaged in the business of nationwide consumer reporting with an address of 1550 Peachtree Street Northeast, Atlanta, Georgia 30309.

9.      Defendant, Upstart Network, Inc. (hereinafter referred to as "Defendant Upstart"), at all times relevant hereto, is and was a company engaged in the business of consumer lending with an address of 2950 South Delaware Street, Suite 410, San Mateo, California 94403.

## IV. FACTUAL ALLEGATIONS

10. Defendant Upstart has been inaccurately furnishing credit data on Plaintiff Mr. Schaeffer's credit reports as published by Defendants Trans Union, Experian and Equifax regarding an alleged account ending in -9238.

11. Defendant Upstart has also inaccurately furnished credit data on Plaintiff Mr. Schaeffer's credit reports as published by Defendants Trans Union and Equifax regarding another fraudulent account ending in -6340.

12. Defendant Upstart has been inaccurately furnishing credit data on Plaintiff Mrs. Schaeffer's credit reports as published by Defendants Trans Union, Experian and Equifax regarding an alleged account ending in -0664.

13. The information furnished by Defendant Upstart and published by Defendants Trans Union, Experian and Equifax is and was inaccurate in that the accounts were not opened by the Plaintiffs and Plaintiffs did not authorize anyone to open these accounts in their names.

14. No less than three (3) times since August 2024, Plaintiff Mr. Schaeffer disputed the accuracy of the trade lines of Defendant Upstart pertaining to the alleged account ending in -9238 with Defendants Trans Union, Experian and Equifax.

15. No less than six (6) times since December 2024, Plaintiff Mrs. Schaeffer disputed the accuracy of the trade lines of Defendant Upstart with Defendants Trans Union, Experian and Equifax.

16. In their disputes, Plaintiffs repeatedly advised Defendants Trans Union, Experian and Equifax that their credit reporting as to these alleged accounts was inaccurate in that the accounts were not opened by the Plaintiffs and Plaintiffs did not authorize anyone to open these accounts in their names.

17. Defendants Trans Union, Experian and Equifax acknowledged receipt of each of Plaintiffs' disputes.

18. It is believed and therefore averred that Defendants Trans Union, Experian and Equifax notified Defendant Upstart of Plaintiffs' repeated disputes.

19. Notwithstanding Plaintiffs' efforts, and following Plaintiffs' disputes, Defendants Trans Union, Experian and Equifax indicated their intent to continue publishing the inaccurate information and Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

20. Defendants have never: (1) contacted Plaintiffs to follow up on, verify and/or elicit more specific information about Plaintiffs' disputes; nor (2) contacted any third parties that would have relevant information concerning Plaintiffs' disputes.

21. Despite Plaintiffs' exhaustive efforts to date, Defendants nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about Plaintiffs.

22. Defendants Trans Union, Experian and Equifax (collectively, "the Credit Reporting Agencies") failed to maintain and follow reasonable procedures before, during and after Plaintiffs' above-referenced disputes, thereby injuring Plaintiffs.

23. The Credit Reporting Agencies' investigation of Plaintiffs' above-referenced disputes, at best, consisted of mere parroting of information from unreliable sources, namely, Defendant Upstart.

24. Following Plaintiffs' above-referenced disputes, Defendant Upstart failed to comply with the requirements imposed upon furnishers of information under the FCRA, thereby injuring Plaintiffs.

25. As of the date of the filing of this Complaint, Defendant Upstart continues to furnish credit data which is incorrect and materially misleading, and Defendants Trans Union's, Experian's and Equifax's reporting of the above-referenced trade lines continues to be incorrect and materially misleading.

26. The Defendants acted with actual malice in willfully continuing to report incorrect and misleading information on Plaintiffs' credit, knowing fully well that other creditors were accessing the Plaintiffs' credit report, all to the Plaintiffs' detriment and loss.

27. Defendants' erroneous reporting continues to affect Plaintiffs' creditworthiness.

28. As a result of Defendants' actions and inactions, Plaintiffs' credit has deteriorated substantially, thereby causing each Plaintiff to be denied credit with Chase, Capital One, Wells Fargo and other creditors and to refrain from applying for additional credit.

29. As a result of Defendants' actions and inactions, each Plaintiff has suffered actual damages and serious financial harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including but not limited to, cellular telephone minutes, postage, faxing and other related costs, all which will continue into the future to Plaintiffs' great detriment and loss.

30. As a result of Defendants' actions and inactions, each Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiffs will continue to suffer the same for an indefinite time into the future, all to Plaintiffs' great detriment and loss.

31. As a result of Defendants' actions and inactions, each Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiffs will continue to suffer the same for an indefinite time into the future, all to Plaintiffs' great detriment and loss.

32. As a result of Defendants' actions and inactions, each Plaintiff has suffered a decreased credit score as a result of the inaccurate information and of multiple inquiries appearing on Plaintiffs' credit file.

### COUNT I - FCRA
*Plaintiffs v. All Parties*

33. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

34. At all times pertinent hereto, Defendants Trans Union, Experian and Equifax were "consumer reporting agencies" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

35. At all times pertinent hereto, Defendant Upstart was a "furnisher" within the meaning and context of the Fair Credit Reporting Act.

36. At all times pertinent hereto, Plaintiffs were "consumers" as that term is defined by 15 U.S.C. §1681a(c).

37. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

38. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Trans Union, Experian and Equifax are liable to the Plaintiffs for engaging in the following conduct:

    (a) Willfully and negligently failing to delete the inaccurate information from Plaintiffs' credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

  (b) Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit report, information and file, in violation of 15 U.S.C. §1681e(b);

  (c) Willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiffs' credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

  (d) Willfully and negligently continuing to furnish and disseminate inaccurate information and derogatory credit account and other information despite having knowledge of its inaccuracy and/or inability to be verified.

39. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant Upstart is liable to the Plaintiffs for willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C §1681s-2(b).

40. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiffs that are outlined more fully above and, as a result, Defendants are liable to the Plaintiffs for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**WHEREFORE**, Plaintiffs respectfully requests that this court enter judgment in their favor and against said Defendants, for the following:

 a. Actual damages;

 b. Statutory damages pursuant to 15 U.S.C. §1681n;

 c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1681o; and

d.  Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II – DEFAMATION OF CHARACTER
*Plaintiffs v. Trans Union, LLC, Experian Information Solutions, Inc. and Equifax Information Services, LLC*

41.  Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

42.  Defendants Trans Union, Experian and Equifax have published the inaccurate information through writing to various creditors, prospective credit grantors, individuals, entities, and other credit reporting agencies regarding Plaintiffs' credit history.

43.  Defendants Trans Union, Experian and Equifax have published the inaccurate information each time a credit report on the Plaintiffs has been requested from any creditor, prospective credit grantors, furnisher or other source.

44.  The inaccurate information published by Defendants Trans Union, Experian and Equifax is false in that it inaccurately reflects Plaintiffs' credit information, and paints Plaintiffs in a false financial light.

45.  Defendants Trans Union, Experian and Equifax have published the inaccurate information to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiffs' credit report.

46.  The falsehoods within the trade lines of Upstart Network constitute falsehoods concerning Plaintiffs' credit history.

47.  Defendants Trans Union, Experian and Equifax knew or reasonably should have known that the information regarding the trade lines of Upstart Network which they have published

and re-published on Plaintiffs' credit reports are incorrect and false as Plaintiffs have notified them of such.

48. Defendants Trans Union, Experian and Equifax continue to publish the false and negative information within the trade lines of Upstart Network on Plaintiffs' credit history up through the present time.

49. Defendants Trans Union, Experian and Equifax knew that the information within the trade lines of Upstart Network on Plaintiffs' credit report was false and had no factual basis. Defendants nonetheless continued to publish and re-publish the inaccurate information.

50. The publications of the information within the trade lines of Upstart Network on Plaintiffs' credit report constitute libel *per se*.

51. In addition, and despite the notices from Plaintiffs, Defendants Trans Union, Experian and Equifax have acted with malice by failing to communicate the information provided to them by Plaintiffs to all creditors, prospective creditors, furnishers of information and all other entities to whom said Defendants provide credit information concerning the Plaintiffs.

52. The conduct of Defendants Trans Union, Experian and Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiffs that are outlined more fully above and, as a result, said Defendants are liable to compensate the Plaintiffs for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

**WHEREFORE**, Plaintiffs respectfully requests that this court enter judgment in their favor and against the aforementioned Defendants for the following:

    a.    Actual damages;

    b.    Statutory damages;

      c.      Punitive damages;

      d.      An order directing the Defendants Trans Union, Experian and Equifax to immediately and permanently delete all of the inaccurate information from Plaintiffs' credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

      e.      Such addition and further relief as may be appropriate or that the interests of justice require.

### V. JURY DEMAND

Plaintiffs hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

Date: November 20, 2025      BY: */s/Brent F. Vullings*
Brent F. Vullings, Esquire
Vullings Law Group, LLC
3801 Germantown Pike
Suite 204
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
Attorney for Plaintiffs
bvullings@vullingslaw.com